Gerald L. BRANDSASSE, Plaintiff,

v.

CITY OF SUFFOLK, VIRGINIA, and Jimmy L. Wilson, Chief of Police City of Suffolk Police Department, and Marie Dodson, Director of Personnel City of Suffolk, Defendants.

No. 2:99CV766.

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 25, 1999.

Michael F. Imprevento, Breit, Drescher & Breit, Norfolk, VA, for Plaintiff.

Clyde E. Roettger, Jr., Beverley Kay Wilson, Ramona D. Taylor, Office of the City Attorney, Suffolk, VA, for Defendants City of Suffolk, VA and Marie Dodson, Director, Personnel, City of Suffolk.

John A. Gibney, Jr., Shuford, Rubin & Gibney, P.C., Richmond, VA, for Defendant Jimmy L. Wilson, Chief of Police, City of Suffolk, VA.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6), respectively, of the Federal Rules of Civil Procedure. For the reasons set forth below, the motions to dismiss of all three defendants are **DENIED**.

### I. Factual and Procedural History

Plaintiff, Gerald L. Brandsasse, seeks injunctive relief and pecuniary damages from defendants, City of Suffolk, Virginia ("City"); Jimmy L. Wilson, Chief of Police, City of Suffolk Police Department ("Wilson"); and Marie Dodson, Director of Personnel, City of Suffolk ("Dodson"), alleging a violation of the Uniform Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301–33 (amended 1994) ("USERRA").

Plaintiff is a Sergeant First Class in the United States Army Reserve, with concurrent civilian employment as a police officer with the Police Department for the City of Suffolk, Virginia. On or about the third quarter of 1998, Chief of Police Wilson announced that the department would administer promotional examinations which would allow officers to qualify for promotion to police sergeant and lieutenant at some time in late 1998 through early to mid 1999. The examinations consisted of a two-stage, separately administered, test: first, a written component, followed by an "assessment center evaluation."[1] Both components must be completed by the individual members of the police department to be considered eligible for promotion to either rank.

As a member of the Army Reserves, plaintiff is obligated to periodically report to duty pursuant to orders issued by the Department of the Army. In December, 1998, plaintiff received permission from his commanding officer in the Army Reserves to satisfy his annual training mission for 1999 by attending military training school. The Suffolk Police Department announced, on or about January 12, 1999, that the written promotion examination was to be administered on March 10, 1999, while the assessment center evaluation would take place during the week of March 22, 1999.

---

1. At an assessment center evaluation, a group of evaluators meet with a candidate and pose questions to him or her, typically in the form of hypothetical situations, evaluating the candidate's responses.

On or about March 8, 1999, plaintiff received orders from the Department of Army Headquarters at the 99th Regional Support Command advising him that he would be ordered for annual training for fourteen days at Fort McCoy in Wisconsin from March 21, 1999, to April 2, 1999, inclusive. Thus, the reserve service dates presented a direct conflict with the administration of the second part of the promotion exam offered by the police department.

Plaintiff requested through a member of his chain of command in the police department that an accommodation be made with respect to the assessment center portion of the examination, so that he could attend his mandatory reserve service as well as be evaluated for promotion. Plaintiff alleges that his request was denied and that agents of the defendants made clear that "if [plaintiff] could not attend the assessment center evaluation on Monday, March 22, 1999 by starting his Army class ... in Wisconsin, they would be *unable* to reschedule him for the assessment center evaluation and he would lose the ability to be competitive for the rank of Sergeant during this promotional cycle." (Compl.¶ 15) (emphasis in original).

Since both portions of the examination are required for promotion, and his request for an accommodation was denied, plaintiff did not sit for the administration of the written exam scheduled for March 10, 1999. On or about March 12, 1999, during the course of previously planned military training, plaintiff was advised that his military course in Wisconsin would be canceled. Plaintiff immediately returned to the police department and requested an accommodation in order to sit for the written exam (which had been administered two days earlier) and the assessment center evaluation. He was advised that the request would have to be approved by the Personnel Director, Marie Dodson. On or about March 22, 1999, plaintiff met with Dodson. Plaintiff alleges that "Dodson ... informed him through a combination of words and inferences that the Plaintiff had an obligation to arrange his military orders around the City's promotional processes," and as such the City would not grant his request. (Compl.¶ 20).

Plaintiff hired counsel to pursue his claims under USERRA, and after counsel contacted City attorneys, plaintiff was advised that the City would be willing to accommodate him; he was to take the written exam March 23, 1999, and appear for the assessment center evaluation on March 24, 1999. Plaintiff contends that Wilson, motivated by anger because plaintiff hired counsel to enforce his rights under federal law, then contacted plaintiff's military command, appeared at plaintiff's military command; and, despite receiving information that verified plaintiff's receipt of military orders, directed that plaintiff not report for the assessment center evaluation on March 24, 1999, as previously agreed through plaintiff's counsel and City attorneys. (Compl.¶¶ 23–26). Plaintiff's counsel again spoke of filing for injunctive relief against defendants, and after a hearing was scheduled with the Circuit Court of Suffolk, the City again agreed to schedule the assessment center evaluation for plaintiff.

Eventually, plaintiff completed both portions of the examination, finishing third out of a possible forty-seven candidates. After plaintiff was informed of his high standing on the placement exams, he was called to speak with an Internal Affairs lieutenant in late March, 1999. Mr. Brandsasse was then informed that he was under investigation with respect to his behavior. Since it is the policy of the City of Suffolk Police Department to disallow promotions to individuals under investigation, plaintiff has been ineligible for promotion since March, 1999, and will continue to be ineligible for as long as the investigation remains open.

On or about April 29, 1999, eight officers were selected to attend management training at the Virginia Beach Sheriff's Officer Training Academy from May 24, 1999, to

May 28, 1999. The eight individuals chosen were the top nine candidates from the administered promotional exam, excluding Mr. Brandsasse who was not invited to attend. Plaintiff alleges that attendance at the management training is considered a pre-requisite for promotion,[2] and plaintiff's absence from the seminar thus precludes promotion. (Compl.¶ 35). Plaintiff further alleges the investigation stems from statements he made during his meeting with Dodson on March 22, 1999, regarding his military commitments and the police department's decision not to accommodate him, (Compl.¶ 31), and that the investigation is merely pretextual and is geared as a reprisal for plaintiff's assertion of his rights under federal law. (Compl.¶¶ 31, 43–45).[3]

Plaintiff filed the complaint in this court on May 21, 1999, alleging that defendants' actions have caused him actual and impending harm in that (1) he was not accommodated with respect to the examinations, and (2) he is currently being denied promotion due to a "retaliatory and willful [pretextual] investigation calculated to deprive him of an opportunity to promote" in violation of USERRA. (Compl.¶ 53). Plaintiff seeks pecuniary damages and injunctive relief as provided by the statutory remedial scheme. On June 15, 1999, the City of Suffolk and Marie Dodson filed an

answer and a motion to dismiss. Wilson separately filed a motion to dismiss on June 23, 1999.[4] All defendants raise the same two grounds for dismissal of the complaint: (1) lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, because some of plaintiff's allegations are moot and others are not ripe for review; and (2) failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff timely responded, and a hearing was held. The matter is ripe for decision.

## II. Analysis

Enacted in 1994,[5] the Uniform Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301–33 ("USERRA"), prohibits employment discrimination on the basis of military service. Plaintiff brings suit under Section 4311 of USERRA, which provides two separate causes of action upon which relief can be granted. Section 4311(a) provides, in relevant part:

A person who is a member of, applies to be a member of, performs, has performed, applies to perform or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the

---

**2.** At oral argument on the instant motion, counsel for the City of Suffolk and Dodson stipulated on the record that the management training at Virginia Beach was not a prerequisite to promotion. The court notes the argument and stipulation advanced at the hearing, but it is not determinative of the motions at issue; the court must evaluate the defendants' motions only on the merits as pleaded by the plaintiff. *See, e.g., Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Lane v. David P. Jacobson & Co.,* 880 F.Supp. 1091, 1095 (E.D.Va.1995).

**3.** Plaintiff alleges that the existence of an investigation was not communicated to him in the form of Notice of Charges, or by any other manner, before his meeting with Internal Affairs, and that such a failure to inform is in clear violation of the Law Enforcement Officer's Procedural Guarantees as set forth in

the Code of Virginia. (Compl.¶ 31). Plaintiff further alleges that the failure to inform establishes the pretextual nature of the investigation and the bad faith of defendants in their employment practice toward him. (Compl.¶ 31).

**4.** Dodson and the City are both represented by the City Attorney. Wilson is represented by separate counsel.

**5.** USERRA replaced the Veterans' Reemployment Rights Act, 38 U.S.C. §§ 2021–27 ("VRRA"), on October 13, 1994. USERRA was enacted to "clarify, simplify, and where necessary, strengthen the existing veterans' employment and re-employment rights provisions" of the former VRRA. H.R.Rep. No. 65, 103d Cong., 2d Sess. 19 (1994), reprinted in 1994 U.S.C.C.A.N 2449, 2451.

basis of that membership, application for membership, performance of service or obligation.

38 U.S.C. § 4311(a).

The statute further provides that "[a]n employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken any action to enforce a protection afforded under this chapter ... or (4) has exercised a right provided for in this chapter." 38 U.S.C. § 4311(b). Plaintiff alleges both that he has been denied promotion, actionable under 38 U.S.C. § 4311(a), and that his employer, the City of Suffolk, and its agents, Wilson and Dodson, have retaliated against him for exercising his rights under this chapter, actionable under 38 U.S.C. § 4311(b).[6]

### A. Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction may attack the complaint on its face, in that the complaint fails to allege facts upon which the court can base jurisdiction, or it may attack the truth of the underlying jurisdictional allegations contained in the complaint. *See Lane v. David P. Jacobson & Co.*, 880 F.Supp. 1091, 1094 (E.D.Va.1995). In a facial attack, the court assumes all the facts in the complaint are true, thus providing the plaintiff with the same procedural protections as a Rule 12(b)(6) determination. *See id.* In a challenge to the underlying allegations of the complaint, the court may consider evidence outside of the complaint to determine whether sufficient facts support the jurisdictional allegations. The court may "consider evidence by affidavit, depositions or live testimony." *Id.* (*citing Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982) (internal citations omitted)). In addition, a court asked to dismiss for lack of jurisdiction may resolve factual questions to determine the proper disposition of the motion. *See Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir.1986). In the instant case, a facial attack was made to the sufficiency of the complaint. As such, the court has assumed all facts in the complaint to be true.

■ It is the burden of the party claiming federal jurisdiction "to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial power." *Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *see Adams*, 697 F.2d at 1219. The complaint must include those specific facts that are necessary to support the claim. *See United States v. Hays*, 515 U.S. 737, 743, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995).

All three defendants challenge the jurisdiction of this court over the subject matter of the instant case on two grounds: first, that the claim is not ripe for review, and second, that the claim is moot as plaintiff has failed to allege actual injury capable of redress by this court.[7]

### 1. Ripeness

■ Article III of the United States Constitution provides that "[t]he Judicial Power" of the federal courts of the United States extends only to specified "Cases"

---

**6.** Although plaintiff did not in his complaint expressly plead the statutory language from Section 4311(b), the factual allegations and recitals for relief implicate a violation of that subsection as well. As such, the court has construed the complaint to allege claims under Section 4311(a) and (b). Moreover, from the face of the complaint, and the facts as pleaded, it appears that the allegations in the complaint are actionable against all three named defendants.

**7.** The court notes that although Wilson is not represented by the same counsel as the City and Dodson, *see supra* note 4, in his memorandum of law in support of his motion to dismiss, Chief Wilson "joins in and adopts the jurisdictional argument advanced by the other defendants." (Wilson Mot. to Dismiss at 3). Because the defendants advance essentially identical arguments, the court addresses all defendants' 12(b)(1) motions together.

and "Controversies." U.S. Const. art. III, § 2, cl. 1; *see In re Pruett*, 133 F.3d 275, 278 (4th Cir.1997). A claim is justiciable only when it is asserted at a time appropriate for judicial intervention. *See Renne v. Geary*, 501 U.S. 312, 320, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991). The Supreme Court has just recently reaffirmed that "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 118 S.Ct. 1257, 1259, 140 L.Ed.2d 406 (1998) (quoting *Thomas v. Union Carbide Agricultural Prods. Co.*, 473 U.S. 568, 581, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)). As set forth by the Fourth Circuit, a ripeness determination basically involves the following two-prong inquiry: "(1) is the issue fit for judicial review, and (2) will hardship fall to the parties upon withholding court consideration." *West Virginia Highlands Conservancy, Inc. v. Babbitt*, 161 F.3d 797, 800 (4th Cir.1998); *see Arch Mineral Corp. v. Babbitt*, 104 F.3d 660, 665 (4th Cir.1997).

■ Typically, a case "is fit for judicial decision where the issues to be considered are purely legal ones and where the agency or action giving rise to the controversy is final and not dependant upon future uncertainties or intervening agency rulings." *Arch Mineral Corp.*, 104 F.3d at 665 (internal citations omitted). Defendants argue that plaintiff's claims pertaining to the promotion are not ripe for judicial intervention because plaintiff has not yet been denied a promotion, thereby suffering no injury giving rise to subject matter jurisdiction. Their argument is summarized as follows. Only one officer has been promoted to date, and he ranked *first* on the promotions list. No date has been set for future promotions of sergeants, so plaintiff has not yet been denied a promotion within the meaning of the statute, he has just not been granted one. According to defendants, a promotion by its very nature is an "uncertain event that may not occur as anticipated, or may not occur at

all." (City and Dodson's Mot. to Dismiss at 4). Indeed, Wilson argues that at this stage plaintiff "presents the court with a hypothetical question: would a denial of a promotion violate some federally protected right? The court must speculate who would receive the promotion instead of the Plaintiff, ... what precise position the promotion might fill, and why else the Plaintiff did not receive the job." (Wilson Mot. to Dismiss at 3).

Each defendant seems to argue that Mr. Brandsasse has not yet been injured, so that the suit would not lie until he received an injury, namely, actual denial of promotion. The court disagrees. To give credence to defendants' argument would be to find that Mr. Brandsasse's claim potentially would never be ripe because defendants could simply never consider him one way or the other for promotion. Moreover, the court would have to find that plaintiff has alleged no injury under USERRA in claiming retaliation for exercise of his federal rights under that statute. The court finds to the contrary. In this case, plaintiff's alleged injury is his claim of retaliation for exercising his federal rights under USERRA by placing him "indefinitely" under "investigation," thereby prohibiting even his consideration for promotion. Under the standard set forth by the Supreme Court in *Texas v. United States*, 118 S.Ct. at 1259, plaintiff's claims do not rest upon "contingent future events," but rather upon events that have already occurred, *see Arch Mineral Corp.*, 104 F.3d at 665, and constitute a claim under Section 4311(a) and (b) of USERRA.

■ Although the police department has not *actually* denied Mr. Brandsasse a promotion, the court finds that plaintiff has adequately pleaded a *constructive* denial of promotion such that it acts as a violation of Section 4311(a) which is actionable and thus ripe for review. Plaintiff argues that, although he has not been officially informed of an adverse promotional decision on the part of the police department, his employers have effectively denied him the

opportunity to be promoted because: (1) he was not allowed to attend the Sheriff's Training School in Virginia Beach;[8] and (2) he has been placed under what he alleges is a bad faith investigation that does not allow for promotion during the pendency of the investigation. The court finds, for the purposes of a 12(b)(1) motion, that plaintiff has demonstrated a constructive denial of promotion such that the claim is presently ripe for review.

■ The facts pleaded also support a claim under Section 4311(b).[9] Plaintiff alleges that the investigation conducted by Internal Affairs, which may be construed as "an adverse employment action" within the scope of Section 4311(b), was conducted as a result of plaintiff's meeting with Dodson at which plaintiff attempted to request accommodation for his military service. On its face, the complaint states that the investigation is pretextual and that it was instigated by plaintiff's enforcement of his federal rights. An investigation of the sort plaintiff pleads constitutes retaliatory action within the scope of the statute such that this court can grant relief.

■ The court now turns to the hardship component of the ripeness analysis. *See West Virginia Highlands Conservancy, Inc.,* 161 F.3d at 800. The purpose of the " 'hardship to the parties' analysis is to ascertain if the harm that deferring review will cause the petitioner[ ] outweighs the benefits it will bring the agency and the court.' " *Id.* at 801 (*quoting Eagle–Picher Indus., Inc. v. EPA,* 759 F.2d 905, 918 (D.C.Cir.1985)). The hardship prong of the ripeness test would be meaningless if "injury to the general interest in prompt relief, an interest surely shared by all

plaintiffs, constituted the kind of hardship that trumped every other consideration and required immediate resolution of this case." *See McGhee v. Director, Dep't of Mental Health & Hygiene,* No. 97–2588, 1998 WL 403329, at *5 (4th Cir. July 7, 1998)(unpublished)(per curiam). Plaintiff appeals to this court to stop the defendants from engaging in retaliatory conduct and to stop the defendants from discriminating against him in violation of his rights under USERRA. Plaintiff alleges in his complaint that no more than nine sergeants are slated to be promoted, and once these existing slots for promotion are filled, there will be "no more further opportunity for promotion for some years." (Compl.¶ 50). If this is true, postponing judicial determination of plaintiff's rights under USERRA may indeed prove too great a hardship on him.

### 2. *Moot Claim*

[8, 9] Defendants have alleged that any claims arising out of the *initial* difficulties of excluding plaintiff from the assessment center evaluation are moot, as plaintiff has now taken that portion of the examination, and the court should dismiss the claims for lack of subject matter jurisdiction. A claim is moot when it cannot be redressed by a favorable judicial decision. *See, e.g., N.A.A.C.P., Western Region v. City of Richmond,* 743 F.2d 1346, 1353 (9th Cir. 1984). Plaintiff alleges that Wilson, Dodson, and the City, through its agents in the scope of their employment, informed plaintiff that he "was under an obligation to arrange his military orders" to comply with his civilian employment responsibilities when he applied for an accommodation for the promotion exam. (Compl.¶ 20).

8. Defendants are willing to stipulate that the training seminar at Virginia Beach is not a prerequisite to promotion. *See supra* note 2. However, plaintiff still contended at oral argument that those individuals selected to go to the training center at Virginia Beach were credited 40 hours of in-service training toward their certification. Because he was denied access to the training seminar, Mr. Brandsasse claims he must now make up those same 40 hours of in-service training on his own time.

9. Plaintiff did not, in his complaint, expressly plead the statutory language from subsection (b) of the statute, but his factual allegations and recitals for relief indicate that plaintiff considered a violation of that subsection as well.

However, the failure to accommodate is neither the cause of action nor the sole basis for plaintiff's cause of action. In construing plaintiff's claims, the initial failure to accommodate, coupled with the subsequent investigation, form the factual basis for plaintiff's cause of action for failure to promote and retaliation under USER-RA. In other words, the initial refusal to accommodate is part of the necessary factual background for the claims of failure to promote and retaliation under Section 4311(a) and (b).[10] The claims are not moot, and the court clearly has remedial capacity under USERRA.[11]

### B. *Failure to State a Claim Upon Which Relief Can Be Granted*

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the court must accept the factual allegations in the plaintiff's complaint as true. *See Lane,* 880 F.Supp. at 1095; *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A Rule 12(b)(6) motion should be granted only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint must be liberally construed in favor of the plaintiff, even if it appears that "recovery is remote and unlikely." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

When ruling on a Rule 12(b)(6) motion, a court should consider only the allegations in the pleadings, disregarding affidavits or other materials. *See id.; see also Lane,* 880 F.Supp. at 1095 (*citing Simons v. Montgomery County Police Officers,* 762 F.2d 30, 31 (4th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 789, 88 L.Ed.2d 767 (1986)). If "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(c).

Plaintiff claims that "the retaliation [and] failure of promotion as a result of [plaintiff's] affiliation in the reserve component [of the U.S. Army] is actionable" as a violation of USERRA. (Plaintiff's Opp. to Mot. to Dismiss at 6). As discussed above in Part II.A, *Lack of Subject Matter Jurisdiction,* the court construes the factual allegations of plaintiff's complaint to articulate claims both under Section 4311(a) and (b) of USERRA. Therefore, the USERRA cause of action may not be dismissed pursuant to Rule 12(b)(6), unless it appears that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley,* 355 U.S. at 45–46, 78 S.Ct. 99.

The statute provides that an employer shall be considered to have violated Section 4311(a) "if the person's membership ... or obligation for service in the uniformed services is a *motivating factor* in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership." 38 U.S.C. § 4311(c)(1) (emphasis added). Likewise, liability will arise under Section 4311(b) if a plaintiff's action to enforce or

---

**10.** Defendants are confusing the distinction between claims and factual allegations to support those claims. The claims are for failure to promote and retaliation under Section 4311(a) and (b), respectively, of USERRA. The initial failure to accommodate is part of the factual basis for the claims.

**11.** USERRA provides statutory remedies at law and equity for violation of the statute. A court has power to award relief under the statute as follows: (1) a court may require the employer to comply with the provisions of the

chapter; (2) a court may require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of the chapter; and (3) a court may require the employer to pay the plaintiff an amount equal to lost wages or benefits as liquidated damages, if the court determines that the employer's failure to comply with the provisions of the chapter was willful. *See* 38 U.S.C. § 4323(d)(1)-(3).

exercise his rights under the statute is a *"motivating factor* in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership." 38 U.S.C. § 4311(c)(2)(emphasis added).

The Congressional Record and the courts which have interpreted USERRA indicate that the burden-shifting framework approved by the Supreme Court in *NLRB v. Transportation Management Corp.,* 462 U.S. 393, 401, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983), is used to determine whether an employer discharged a reservist in violation of USERRA. *See Gummo v. Village of Depew, NY,* 75 F.3d 98, 106 (2d Cir.1996), *cert. denied,* 517 U.S. 1190, 116 S.Ct. 1678, 134 L.Ed.2d 780 (1996) (*citing* S.Rep. No. 158, 103d Cong., 2d Sess. 45 (1994), and H.R.Rep. No. 65, 103d Cong., 2d Sess. 18, 24 (1994)); *Kelley v. Maine Eye Care Associates, P.A.,* 37 F.Supp.2d 47, 54 (D.Me.1999); *Chance v. Dallas County Hosp. Dist.,* No. 3–96–CV–2842–BD, 1998 WL 177963, at *3 (N.D.Tex. Apr.6, 1998), *judgment vacated on other grounds in Chance v. Dallas County Hosp. Dist.,* 176 F.3d 294 (5th Cir.1999); *Smith v. Thomas Lighting,* No. Civ. A.1:97CV239–D–D, 1998 WL 527307, at *2 (N.D.Miss. Aug. 5, 1998); *Daggett v. Chicago Transit Auth.,* No. 96–CV–05348, 1998 WL 831848, at *10 (N.D.Ill. Nov.25, 1998); *Robinson v. Morris Moore Chevrolet–Buick, Inc.* 974 F.Supp. 571, 575 (E.D.Tex.1997). In the absence of contrary binding authority, this court looks to these cases to establish the legal framework in which plaintiff's claims are evaluated.

Under this legal framework, a claimant must first establish a prima facie case of discrimination by showing by a preponderance of the evidence that his protected status was a motivating factor in the adverse employment action. *See Robinson,* 974 F.Supp. at 575; *see also Kelley,* 37 F.Supp.2d at 54. To establish a certain factor as a motivating factor, a claimant need *not* show that it was the *sole* cause of

the employment action, but rather that it is one of the factors that "a truthful employer would list if asked for the reasons for its decision." *Kelley,* 37 F.Supp.2d at 54; *see also Robinson,* 974 F.Supp. at 575 (*citing Price Waterhouse v. Hopkins,* 490 U.S. 228, 250, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (addressing Title VII gender discrimination claim and related defense)). Indeed, "[m]ilitary status is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that consideration." *Dallas County Hospital Dist.,* 1998 WL 177963, at *3; *see also Robinson,* 974 F.Supp. at 576 (*citing Price Waterhouse,* 490 U.S. at 250, 109 S.Ct. 1775). After plaintiff establishes a prima facie case by a preponderance of the evidence, the employer may avoid liability if he can demonstrate that military status was not a motivating factor in the adverse employment action. *See Gummo,* 75 F.3d at 106. At this early stage of the proceedings, when the court is limited to the allegations contained in the complaint and must accord every reasonable inference to the plaintiff as the non-moving party, the court finds that plaintiff has alleged sufficient facts to survive a motion to dismiss for failure to state a claim.

### 1. USERRA Applicability to the City and Dodson

At oral argument, counsel for the City and Dodson contended that the case against both Dodson and the City should be dismissed because plaintiff cannot state an actionable claim against either defendant within the scope of the statute. Counsel argued that: (1) Dodson has not injured plaintiff; and (2) if Wilson's acts were indeed willful and retaliatory, they are outside the scope of his employment as a City employee, and, therefore, the City is not liable for his actions.

USERRA prohibits employers from discriminating on the basis of military status. "Employer" is statutorily defined as a "person, institution, organization, or other entity that pays salary or wages for work

performed or that has control over employment opportunities including (1) a person ... to whom the employer has delegated the performance of employment-related responsibilities." 38 U.S.C. § 4303(4). In *Jones v. Wolf Camera, Inc.,* Civ.A No. 3:96–CV–2578–D, 1997 WL 22678, at * 1 (N.D.Tex. Jan.10, 1997), the plaintiff filed suit against Wolf Camera, Patti Roth, and Tricia Henkel, alleging that defendants discharged him "because he refused to remain at work when given a lawful order to report to military training." *Id.* The court held that two individual employees delegated with the authority to hire and fire employees were, for the purposes of a Rule 12(b)(6) motion, within the statutory definition of employers. *Id.* at *2. In *Satterfield v. Borough of Schuylkill Haven,* 12 F.Supp.2d 423 (E.D.Pa.1998), a former borough manager, who was also an active member of the U.S. Army Reserves, brought an action against the Borough, Borough Council, and individual council members, challenging his termination from his manager position under the Due Process Clause, Equal Protection Clause, First Amendment, and USERRA. The court dismissed the claims against the individual defendants because they had no power over the plaintiff. The plaintiff was not required to report to any of them directly; the entity which hired, supervised, and eventually fired the plaintiff was the Borough Counsel.

Viewing the allegations in the complaint in the light most favorable to plaintiff, the broad language of Section 4303(4) includes both the City and Dodson as Director of Personnel. The City is an entity that pays salaries or wages for work performed and controls employment opportunities through its agents. It is the direct employer of Wilson, Dodson, and Brandsasse. For purposes of USERRA liability, the court finds, at this stage of the proceedings, the City is an appropriate defendant. As Director of Personnel, Dodson has authority over hiring and firing for the City, which the courts in *Jones* and *Satterfield* found dispositive in evaluating individual liability. Plaintiff has alleged (1) that Dodson denied his request for accommodation, and (2) that his meeting with Dodson is the basis of the pretextual investigation against him. Although the allegations made against Dodson may ultimately fail, the court is unable to conclude, at the Rule 12(b)(6) stage, that Dodson should escape liability under USERRA.

### 2. *Claim under 4311(a)*

Defendants argue that plaintiff has not been denied any of the protections provided in 38 U.S.C. § 4311(a).[12] Specifically, they argue that plaintiff's contention that he has been denied a promotion "merely because he has been excluded from a school which he believes is a prerequisite to promotion ... is not supported by any facts ... in the Complaint." (City and Dodson's Mot. to Dismiss at 5). The heart of defendants' argument, however, mirrors the argument advanced in support of their ripeness claim, namely that plaintiff has not been injured within the meaning of the statute since he has not been denied promotion. *See supra* Part I.A.1., at 11–12. A motion to dismiss merely contemplates whether plaintiff has adequately *pleaded* facts, which if true, may entitle him to relief. The court finds that plaintiff has adequately pleaded on the face of his complaint that he has been constructively denied a promotion as a "result of his obligation to perform military service pursuant to orders." (Compl.¶ 53); *see supra* Part I.A.1., at 12–13.

In summary, plaintiff has alleged that he has been the subject of a pretextual, bad faith investigation which renders him ineligible for consideration for promotion. The investigation has been in progress since March, 1999. Under the instant alleged facts, there seems to be no effective difference between an affirmative denial of promotion and an indefinite, bad faith in-

---

**12.** See *supra* at 8 for the text of Section 4311(a).

vestigation which has the same effect. Essentially, defendants could sit back, never promote, and yet never officially deny promotion in order to avoid liability. The court finds that the constructive denial of a promotion alleged in the complaint adequately states a claim for which relief can be granted under Section 4311(a).

### 3. *Claim under 4311(b)*

██ Plaintiff has pleaded the following facts which may give rise to liability under Section 4311(b).[13] Defendants initially refused .to grant plaintiff an accommodation to take the promotional exam. After he took steps to enforce his rights under the statute, and defendants allowed him to sit for the both the written exam and the assessment center evaluation as requested, defendants subsequently began a retaliatory and willful investigation calculated to deprive him of an opportunity to be promoted. It is the retaliatory Internal Affairs investigation that plaintiff claims is actionable as an "adverse employment action" within the meaning of Section 4311(b).

To prove a prima facie case under US-ERRA, plaintiff need not show that his military status was the sole motivation behind the discrimination, but only must show, by the preponderance of the evidence, that his reserve status was a substantial or motivating factor for the discrimination. *See Gummo,* 75 F.3d at 106. At this point in the proceedings, sufficient allegations have been made to support the cause of action. Plaintiff has alleged that: (1) the investigation is based on his meeting with Dodson at which he asked for an accommodation due to his military reserve status; (2) Wilson has continued with the investigation since March, 1999, having received reliable, credible information from plaintiff's military command that plaintiff did indeed have military orders at the time of the assessment center evaluation; (3) defendants did not inform plaintiff that he

was under investigation in violation of the Law Enforcement Officer's Procedural Guarantees as set forth in the Code of Virginia; and (4) defendants have continued the investigation so that plaintiff will remain ineligible for promotion while the spaces available for sergeants are filled.

Counsel for Wilson made an extensive oral argument, pursuant to the decision in *Gummo,* 75 F.3d 98, and *Gummo v. Village of Depew,* No. 93–CV–0221E(M), 1997 WL 311462, at *1 (W.D.N.Y. June 4, 1997)(hereinafter *Gummo II* ), that this court should find the police department's investigation of Mr. Brandsasse not to be an "adverse employment action" taken against plaintiff under Section 4311(b). However, the court disagrees with counsel's interpretation and application of the case.

In *Gummo,* the Second Circuit reversed the district court and held that an officer was not required to show that his reserve status was the sole motivation for his discharge, but only that it was a substantial or motivating factor in his discharge. 75 F.3d at 106. Specifically, the court held that the plaintiff had presented sufficient evidence to survive a summary judgment motion because there was a genuine issue of material fact as to whether the police officer's reserve status was a substantial or motivating factor in his discharge, and as to whether he would have been discharged, even if he had not been a reservist. *Id.* at 100.

On remand, after a bench trial, the district court found, as a matter of fact, that the plaintiff's reservist status was not a motivating factor in the defendant's decision to terminate him, and, as a matter of law, concluded that the defendant did not violate the Veterans' Reemployment Rights Act ("VRRA").[14] *Gummo II,* 1997 WL 311462, at *3. Counsel for defendant Wilson seems to rely on the *Gummo* case for the broad proposition that an investiga-

---

**13.** *See supra* at 8 for the text of Section 4311(b).

**14.** VRRA was replaced by USERRA. *See supra* note 5.

tion into an employee's alleged misconduct in concert with the exercise of his rights under USERRA cannot constitute an "adverse employment action" within the meaning of the statute.[15] However, this court distinguishes the *Gummo* case in two important ways: (1) the claims in the *Gummo* case are not as similar to Mr. Brandsasse's claims as they appear; and (2) the procedural postures from which counsel draws parallels are far from reconcilable.

First, Mr. Gummo never claimed that the investigation itself was an adverse employment action under the statute, as does Mr. Brandsasse in this case. Rather, Mr. Gummo claimed that the adverse action taken against him was his "wrongful" termination. Both the investigation into various alleged acts of misconduct and the resulting termination were ultimately found to be meritorious and not motivated by Mr. Gummo's exercise of his rights under VRRA. Under this scenario, counsel for defendant Wilson then argues that investigations themselves cannot give rise to liability under USERRA. The case simply does not support this argument. Secondly, the outcome of the motions *sub judice* do not represent the final findings of facts as in *Gummo II*,[16] as this court evaluates only whether plaintiff has adequately pleaded facts which could support a claim under USERRA. It is clear to this court that the plaintiff has done so. Plaintiff alleges in his complaint that once he sought to enforce his federal rights under USERRA, that defendants began a retaliatory campaign and investigation against him. This conduct seems to be exactly the

sort of adverse employment action which the statute contemplates. As such, the court finds that plaintiff has adequately pleaded a claim within Section 4311(b) of the statute.

### III   Conclusion

For the reasons stated above, defendants' motions to dismiss for failure to state a claim and lack of subject matter jurisdiction are *DENIED*. The complaint alleges facts which, if true, may support a claim for relief under both 38 U.S.C. § 4311(a) and (b).

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for plaintiff and defendants.

IT IS SO ORDERED.

---

**15.** Counsel argued that "[i]n *Gummo* the person was investigated because he committed misconduct in his dealings with the city while trying to get his leave status straight." (Tr. of Hr'g on Mots. to Dismiss, Aug. 4, 1999, at 25). This characterization, even if correct, is of a final factual finding; however, the issue of investigation and termination notably survived summary judgment. *See Gummo*, 75 F.3d at 100. This court has not yet determined the facts and merits of the investigation in Mr. Brandsasse's case at this early stage in the proceedings.

**16.** *See supra* note 15. The merits of Mr. Gummo's case were decided after a bench trial. Since ultimately the district court in *Gummo II*, 1997 WL 311462, at *2–*3, concluded the police department was justified in investigating and terminating Mr. Gummo, counsel for Wilson urges this court to do the same with regard to Mr. Brandsasse, but on the pleadings and without a trial.