**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1140

WILLIAM BUNTING,

Plaintiff - Appellant,

v.

TOWN OF OCEAN CITY; TOWN OF OCEAN CITY POLICE DEPARTMENT,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, Senior District Judge.  (1:08-cv-03157-WMN)

Submitted:  January 13, 2011          Decided:  January 31, 2011

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Robin R. Cockey, Ashley A. Bosché, COCKEY, BRENNAN & MALONEY, PC, Salisbury, Maryland, for Appellant.  Guy R. Ayres, III, Arlette K. Bright, AYRES, JENKINS, GORDY & ALMAND, P.A., Ocean City, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Bunting appeals the district court's order granting summary judgment to Appellee, the Town of Ocean City, Maryland, and dismissing his Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq. (2006) discrimination and retaliation claims. For the reasons that follow, we affirm in part, vacate in part, and remand.

At all times relevant to this appeal, Bunting was a sergeant in the Ocean City Police Department ("OCPD"). Bunting has also been a member of the United States Coast Guard Reserve since 1986. In February 2003, Bunting received orders to report for active duty and remained on active duty until September 2004. While he was on active duty, the OCPD announced a promotion opportunity for one or more sergeants in the force to promote to the rank of lieutenant. Though Bunting apparently did not find out about the promotion until after the position had been filled, there is no evidence in the record that OCPD took any steps to prevent him from learning of the opportunity. Indeed, notice of the opening was sent to his OCPD e-mail address, though he apparently did not know he could access his e-mail account remotely.

On learning of the then-filled promotion opportunity, Bunting complained in writing to Ocean City's mayor and, receiving no response, then complained to the U.S. Department of

Labor Veterans' Employment and Training Service ("DOL-VETS"). Bunting argued to DOL-VETS that the city had discriminated against him and violated his rights by denying him a promotion opportunity while he was on active duty. Ocean City responded to the complaints, insisting that the burden was on Bunting to keep apprised of such opportunities while on active duty. DOL-VETS conducted an investigation and concluded that Bunting's complaints had merit. Ocean City responded and asserted that Bunting might face disciplinary action for purported violations of OCPD policy.

Some three months after DOL-VETS concluded its investigation, another promotion opportunity arose. OCPD Chief Bernadette DiPino interviewed candidates, including Bunting, and ultimately selected a different sergeant for promotion. Bunting applied for another promotion in 2007, and was again not selected. Bunting thereafter brought suit pursuant to USERRA against Ocean City in district court, arguing that he was discriminated against because of his military service status and retaliated against after he filed a USERRA complaint. Ocean City moved for summary judgment and the court granted the motion. This appeal followed.

This court reviews de novo a district court's grant of summary judgment. Howard v. Winter, 446 F.3d 559, 565 (4th Cir. 2006). Summary judgment is appropriate when the

3

"pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

## I. Discrimination

Bunting first alleges on appeal that the district court erred in granting summary judgment to Ocean City on his discrimination claim. He argues that the court erred by concluding that there were no genuine issues of material fact.

The USERRA provides that:

(a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

. . .

(c) An employer shall be considered to have engaged in actions prohibited –

(1) under subsection (a) if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in absence of such membership, application for membership, service, application for service, or obligation for service[.]

4

38 U.S.C. § 4311.

In a USERRA case, "there must be an initial showing by the employee that military status was at least a motivating or substantial factor in the [employer] action, upon which the [employer] must prove, by a preponderance of evidence, that the action would have been taken despite the protected status." Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1014 (Fed. Cir. 2001).[*] To establish a certain factor as a motivating factor, a claimant need not show that it was the sole cause of the employment action, but rather that it is one of the factors that a truthful employer would list if asked for the reasons for its decision. Brandsasse v. Suffolk, Va., 72 F. Supp.2d 608, 617 (E.D. Va 1999); see Price Waterhouse v. Hopkins, 490 U.S. 228, 250 (1989) (addressing Title VII gender discrimination claim and related affirmative defense).

Bunting argues that the fact that he was not made aware of the 2004 promotion opportunity raises a triable question as to whether he was discriminated against on the basis of his military service. We have reviewed the record and do not agree. As the district court noted, while it is true that, in a

---

[*] Unlike the familiar McDonnell Douglas v. Green, 411 U.S. 792 (1973), framework for Title VII discrimination cases, USERRA imposes a more stringent standard on the employer to demonstrate that its adverse employment actions were not pretextual.

literal sense, Bunting did not receive notice of the 2004 promotion because he was on active duty, there is no evidence in the record that DiPino or anyone at OCPD was motivated to exclude Bunting because of his military service. Likewise, with respect to the 2005 and 2007 promotion opportunities, we find no evidence that Ocean City or DiPino harbored animus toward Bunting as a consequence of his military service. Because we conclude that Bunting has failed to make a prima facie showing of discrimination, we need not reach the question of whether Ocean City has rebutted an adequate showing of pretext.

## II. Retaliation

With respect to claims of employer retaliation, the USERRA provides that: an employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter . . . or (4) has exercised a right provided for in this chapter. 38 U.S.C. § 4311(b).

The initial inquiry in a USERRA retaliation claim is whether the employee exercised his rights under the USERRA, thereby placing him within the ambit of § 4311(b). Wallace v. San Diego, 479 F.3d 616, 624 (9th Cir. 2007). As with USERRA discrimination claims, once the employee shows by a

preponderance of the evidence that his protected activities were a motivating factor in the adverse employment action, the employer must show that the employer would have taken the same action without regard to the protected activities. Id.

We have reviewed the record, and we conclude that Bunting has adduced evidence rising to the level of a disputed issue of material fact. When DiPino was notified of Bunting's complaints to the mayor, she informed Ocean City's attorney that she was referring Bunting to the OCPD's internal affairs bureau. In addition, Ocean City responded to the DOL-VETS's communication by implying that Bunting would face discipline for failing to comply with OCPD policies. In light of the fact that these threats of discipline were made in response to protected USERRA activities, the statements clearly raise the specter of retaliation. Finally, in evaluating Bunting for a promotion in 2007, one senior officer commented that Bunting was unfit for promotion because he filed actions against the OCPD. We conclude that these facts could lead a reasonable jury to find that Bunting may have received promotions in 2005 and 2007 if he had not engaged in protected activities, i.e., complaining to the mayor and filing a USERRA complaint with DOL-VETS.

Ocean City argues that DiPino's decisions not to promote Bunting were grounded in questions of his loyalty. This may be the case, but in light of the evidence discussed above,

7

and in light of the burden USERRA places on the employer to prove that there was no pretext, we conclude that a jury is in the best position to adjudicate Bunting's retaliation claim.

Accordingly, we affirm the district court's judgment in part, vacate in part, and remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
